**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LOUIS HENDERSON,**<br>**No. R00823,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**WAXFORD MEDICAL COMPANY,**<br>**BETH TREDWAY, and**<br>**DR. COE,**<br><br>**Defendants.** | **)** | **Case No. 14-cv-01411-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Louis Henderson, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the denial of a splint for an injured finger.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

According to the complaint, Plaintiff Henderson was involved in an altercation with another inmate. Plaintiff was transported to a local hospital for treatment of his injuries. A hospital physician recommended that Plaintiff's finger be splinted, but Assistant Warden Beth Tredway, who is in charge of prison health care, called the hospital and instructed that a splint *not* be issued, and further directed that Plaintiff be seen by a prison doctor upon his return to the prison. Dr. Coe subsequently examined Plaintiff's finger and agreed that a splint was warranted. Nevertheless, neither Dr. Coe nor nursing staff at the prison ever gave Plaintiff a splint. Un-splinted, Plaintiff's finger has remained vulnerable, extremely painful, and Plaintiff can no longer straighten the digit. Plaintiff's numerous requests to Dr. Coe, Assistant Warden Tredway and nursing staff have been to no avail.

Plaintiff seeks a preliminary injunction, declaratory judgment, affirmative injunctive relief in the form of proper treatment, and compensatory and punitive damages.

The complaint is construed as asserting a single, overarching Eighth Amendment claim against the named defendants, Dr. Coe, Assistant Warden Beth Tredway and the contract health care provider for the prison, "Waxford Medical Company."[1]

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The complaint states colorable Eighth Amendment claims against Dr. Coe and Assistant Warden Tredway for being deliberately indifferent to what is presumed at this early juncture to qualify as a serious medical need.

With respect to "Waxford," a corporation cannot be held liable for its employees' constitutional violations simply because it is the employer. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782 (7th Cir. 2014); *Maniscalco v. Simon*, 712 F.3d 1139, 1145 (7th Cir. 2013) (no *respondeat superior* liability for private corporation). However, "Waxford" clearly

[1] The health care provider for the Illinois Department of Corrections is actually "Wexford Health Sources, Inc."

can be liable if Plaintiff's harm was caused by its unconstitutional policy or practice. *See Shields*, 746 F.3d at 796; *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir. 2004). The complaint only describes "Waxford" as being the employer of the nurses and doctors serving the Illinois Department of Corrections. There is no suggestion of a corporate policy or practice impacting Plaintiff's health care. Consequently, "Waxford Medical Company" will be dismissed without prejudice.

Although the Eighth Amendment claim will proceed against Dr. Coe and Assistant Warden Tredway, the Court observes that the requirement that Plaintiff exhaust available administrative remedies before filing suit looms on the horizon as a possible impediment to this action (*see* 42 U.S.C. § 1997e(a)). However, that issue must wait for another day.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **WAXFORD MEDICAL COMPANY** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim(s) against Defendants **DR. COE** and **BETH TREDWAY** shall **PROCEED**.

Although the filing fee remains unresolved (*see* Doc. 3), the Clerk of Court shall prepare for Defendants **DR. COE** and **BETH TREDWAY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full

costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for preliminary injunction (Doc. 2).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* may been granted. *See* 28 U.S.C. § 1915(f)(2)(A). Any recovery secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. *See* Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 14, 2015**

**s/ *Michael J. Reagan***
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**